Sherpa v. Garland
BIA
Cassin, IJ
A208 927 545

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of February, two thousand twenty-three.

PRESENT:
ROBERT D. SACK,
DENNY CHIN,
RAYMOND J. LOHIER, JR.,
        *Circuit Judges.*

_____

NGADOMA SHERPA,
        *Petitioner*,

        v.                                    **20-4010**
                                             **NAC**

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:            Khagendra Gharti-Chhetry, Esq.,
                           New York, NY.

FOR RESPONDENT:            Brian Boynton, Acting Assistant
                           Attorney General; Brianne Whelan

Cohen, Rebecca Hoffberg Phillips, Senior Litigation Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Ngadoma Sherpa, a native and citizen of Nepal, seeks review of an October 29, 2020 decision of the BIA affirming a July 27, 2018 decision of an Immigration Judge ("IJ") denying her application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). *In re Ngadoma Sherpa*, No. A208 927 545 (B.I.A. Oct. 29, 2020), *aff'g* No. A208 927 545 (Immig. Ct. N.Y. City July 27, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the decisions of both the IJ and the BIA. *See Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B) ("[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the

2

contrary."); *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018) (reviewing adverse credibility determination "under the substantial evidence standard").

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on the demeanor, candor, or responsiveness of the applicant . . . , the consistency between the applicant's or witness's written and oral statements . . . , the internal consistency of each such statement, [and] the consistency of such statements with other evidence of record . . . without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless . . . it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76. Here, substantial evidence supports the adverse credibility determination.

As an initial matter, the agency did not err in relying on the record of Sherpa's credible fear interview because it

bears sufficient indicia of reliability: while not a transcript, the interview is "memorialized in a typewritten document setting forth the questions put to [Sherpa] as well as her responses"; the interview was conducted with a Nepali interpreter, whom Sherpa stated she could understand; and the asylum officer not only explained the purpose of the interview and the fact that Sherpa could seek clarification at any point, but also asked Sherpa questions about past and future harm that were designed to elicit an asylum claim. *Ming Zhang v. Holder*, 585 F.3d 715, 725 (2d Cir. 2009). Thus, the agency reasonably relied on inconsistencies between that interview and Sherpa's in court testimony that call into question the basis of Sherpa's claim.

Sherpa stated in her credible fear interview that she had been married twice, that she and her first husband were threatened by Maoists and fled to Kathmandu together, and that she married her second husband a year before the interview. She also told the asylum officer that she owned a shop in Nepal and worked as a housekeeper and a nanny. However, she testified before the IJ that she had never been married, she was a Buddhist nun, and she had lived in a

4

monastery for 15 years, until 2009.  The agency did not err in relying on these discrepancies, particularly as they call into question Sherpa's claim that Maoists dragged her out of the monastery and beat her.  *See Xiu Xia Lin*, 534 F.3d at 167 (noting that the agency "may rely on *any* inconsistency . . . as long as the 'totality of the circumstances' establishes that an asylum applicant is not credible" (quoting 8 U.S.C. § 1158(b)(1)(B)(iii))).

The agency also reasonably relied on Sherpa's differing accounts of her involvement in the Nepali Congress Party ("NCP") and her alleged physical harm.  In her credible fear interview, Sherpa told the asylum officer that she voted for the NCP but was not a member and had not volunteered for the party.  She also stated that she had never been physically harmed by Maoists, adding that they tried their best to harm her but that she had avoided them by living  in hiding at friends' houses.  But Sherpa testified to the IJ that she campaigned for the NCP in her village and was beaten by Maoists on two occasions -- once at the monastery in 2008 and again at her home in 2013.  These discrepancies likewise provide substantial support for the adverse credibility

determination. *See Xian Tuan Ye v. Dep't of Homeland Sec.*, 446 F.3d 289, 295 (2d Cir. 2006) (holding that a "material inconsistency in an aspect of [the] story that served as an example of the very persecution from which [Petitioner] sought asylum . . . afforded substantial evidence to support the adverse credibility finding"); *see also Likai Gao v. Barr*, 968 F.3d 137, 145 n.8 (2d Cir. 2020) ("[E]ven a single inconsistency might preclude an alien from showing that an IJ was compelled to find him credible. Multiple inconsistencies would so preclude even more forcefully."). Moreover, the agency was not required to accept Sherpa's explanation that her smugglers told her to lie in her credible fear interview. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (quotation marks omitted)).

The adverse credibility finding is further bolstered by the IJ's demeanor finding, to which we defer, *see Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 109 (2d Cir. 2006), and the absence of any reliable corroboration for Sherpa's

6

testimony, *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) ("An applicant's failure to corroborate . . . her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question."). The IJ did not err in affording minimal weight to Sherpa's supporting letters because they were inconsistent with her testimony, prepared by interested witnesses or witnesses not available for cross-examination, or they did not confirm the alleged persecution. *See Likai Gao*, 968 F.3d at 149 (concluding that "the IJ acted within her discretion in according . . . little weight" to letters from the applicant's wife and friend "because the declarants (particularly [the applicant's] wife) were interested parties and neither was available for cross-examination"); *Y.C. v. Holder*, 741 F.3d 324, 332, 334 (2d Cir. 2013) ("We generally defer to the agency's evaluation of the weight to be afforded an applicant's documentary evidence.").

In sum, the multiple inconsistencies and lack of reliable corroboration provide substantial evidence in support of the IJ's adverse credibility determination. *See Likai Gao*, 968

7

F.3d at 145 n.8; *Biao Yang*, 496 F.3d at 273. The adverse credibility determination is dispositive of Sherpa's application for asylum, withholding of removal, and CAT relief because all three forms of relief were based on the same discredited factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

8